OPINION
{¶ 1} Appellant John Brown, the father of Carmen, Coye and Casey Brown, appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that terminated his parental rights and granted permanent custody to Stark County Department of Job and Family Services ("Agency"). The following facts give rise to this appeal.
 {¶ 2} On July 14, 2003, the Agency filed a complaint alleging appellant's three children were dependent. Appellant and the children's mother stipulated to the finding of dependency on August 26, 2003. At the adjudicatory hearing, the trial court awarded temporary custody of the children to the Agency. The Agency subsequently placed the children with relatives.
 {¶ 3} On June 14, 2004, the Agency filed a motion for permanent custody regarding Coye and Casey. The trial court conducted a hearing on the Agency's motion on August 23, 2004. The trial court filed its judgment entry and findings of fact and conclusions of law on August 26, 2003. In its judgment entry, the trial court terminated appellant's parental rights and awarded permanent custody of Coye and Casey to the Agency.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. The judgment of the trial court that the minor children cannot or should not be placed with appellant within a reasonable time was against the manifest weight and sufficiency of the evidence.
 {¶ 6} "II. The judgment of the trial court that the best interests of the minor children would be served by the granting of permanent custody was against the manifest weight and sufficiency of the evidence."
 I {¶ 7} Appellant maintains, in his First Assignment of Error, the trial court's decision that the children cannot or should not be placed with him, within a reasonable time, is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 8} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 9} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 10} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 11} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 12} "(b) The child is abandoned.
 {¶ 13} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 14} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 15} In the case sub judice, the trial court found, pursuant to R.C. 2151.414(B)(1)(a), that the children cannot and/or should not be placed with either parent at this time or in the foreseeable future. Findings of Fact and Conclusions of Law, Aug. 26, 2004, at 3. The record indicates both parents have a drug problem and use cocaine. Appellant's case plan required him to submit to a substance abuse evaluation, at Quest Recovery Services, and follow through on any recommendations. The case plan also required appellant to abide by the visitation schedule, complete a psychological evaluation and follow all recommendations.
 {¶ 16} The record in this matter establishes that appellant failed to complete his case plan. Diane Murphy, appellant's probation officer, testified that appellant only appeared once, at her office, on April 19, 2004. Tr., Aug. 23, 2004, at 6-7. Appellant did not make any further contact with Ms. Murphy which resulted in the revocation of his probation. Id. at 7-8. The agency also called appellant as a witness. Appellant testified that he had not visited, with his children, since September 2003. Appellant submitted a few urine samples, during the pendency of this case, however, each sample tested positive for cocaine. Id. at 12. Appellant also testified that he has been incarcerated for a lengthy period of time and has no housing or employment. Id. at 14.
 {¶ 17} Finally, the state called Monica Kress, the ongoing caseworker assigned by the Agency. Ms. Kress testified that both urine samples provided by appellant, over a thirteen-month period, tested positive for cocaine. Id. at 20. Appellant only visited, with his children, three times in thirteen months. Id. at 43. Although appellant completed his psychological evaluation, he did not complete other services required in his case plan, including substance abuse treatment. Id. at 20.
 {¶ 18} The trial court's decision to terminate appellant's parental rights is supported by some competent, credible evidence. We conclude the trial court's decision to terminate appellant's parental rights because the children cannot or should not be placed with appellant is supported by the sufficiency of the evidence and is not against the manifest weight of the evidence.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II {¶ 20} Appellant contends, in his Second Assignment of Error, the trial court's decision that the best interests of the children would be served by the termination of his parental rights is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 21} In determining the best interests of the children, R.C. 2151.414(D) provides as follows:
 {¶ 22} "(D) In determining the best interest of a child * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 23} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 24} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 25} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 26} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 27} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 28} Divisions (E)(7) to (11) of R.C. 2151.414 state as follows:
 {¶ 29} "(7) The parent has been convicted of or pleaded guilty to [certain enumerated offenses] * * *.
 {¶ 30} "(8) The parent has repeatedly withheld medical treatment or food from the child * * *.
 {¶ 31} "(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 {¶ 32} "(10) The parent has abandoned the child.
 {¶ 33} "(11) The parent has had parental rights involuntarily terminated * * * with respect to a sibling of the child.
 {¶ 34} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody * * * and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody * * *.
 {¶ 35} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 {¶ 36} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 37} "(15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
 {¶ 38} "(16) Any other factor the court considers relevant."
 {¶ 39} The testimony presented, in the case sub judice, demonstrates the trial court's findings are supported by the sufficiency of the evidence and are not against the manifest weight of the evidence. During the best interest phase of the permanent custody hearing, Ms. Kress testified that both Coye and Casey were Caucasian children born to appellant and Mrs. Brown. Tr., Aug. 23, 2004, at 40-41. At the time of the hearing, Coye was in the process of being evaluated because of some emotional problems he exhibited. Id. at 41-42. Casey exhibited no physical, emotional or psychological disturbances and had no developmental delays. Id. at 40.
 {¶ 40} The children were placed in the home of relatives. Id. The children are doing well in their relative placement and the relatives would like to adopt them. Id. at 44-45. Ms. Kress indicated the children's bonding, with appellant, would be difficult to ascertain as appellant has only visited with the children three times in thirteen months. Id. at 43. Ms. Kress recommended that permanent custody be granted, to the Agency, in the best interests of the children. Id. at 45. The report of the guardian ad litem also recommended that the trial court grant the motion for permanent custody. Id. at 48-49.
 {¶ 41} Based upon the testimony presented, we conclude there was competent, credible evidence upon which the trial court could find that it was in the children's best interests for permanent custody to be granted to the Agency. The trial court's decision is supported by the sufficiency of the evidence.
 {¶ 42} Appellant's Second Assignment of Error is overruled.
 {¶ 43} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.